## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

WYATT HOLOCH,
     Plaintiff,

v.                              2:25-cv-420-NPM

NEW YORK PIZZA & PASTA, INC.,
     Defendant.

---

### ORDER

In this Fair Labor Standards Act case, the parties have filed a Joint Stipulation of Dismissal with Prejudice. (Doc. 34). Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows a plaintiff to dismiss an action voluntarily if a stipulation of dismissal is signed by all parties who have appeared. The dismissal is effective on filing and requires no further action by the court. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012).

The text of the FLSA does not provide, and no Eleventh Circuit decision has ever held, that FLSA claims are exempt from Rule 41. To the contrary, the Eleventh Circuit has reasoned that the Federal Rules of Civil Procedure apply "in actions brought under the Fair Labor Standards Act no less than in any other case." *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 942 (11th Cir. 2020); *see also Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461-462 (M.D. Fla. 2020) (holding parties may terminate an FLSA case by filing either a

Rule 41 stipulation of dismissal with prejudice or a Rule 68(a) notice of acceptance of an offer of judgment "and the district court is immediately powerless to interfere"); *Dicomo v. KJIMS Dev. Co., Inc.*, No. 2:16-cv-327-FtM-99CM, 2016 WL 6678420, *1 (M.D. Fla. Nov. 14, 2016) ("[T]he parties may dismiss [an FLSA] case in its entirety pursuant to the Joint Stipulation for Dismissal With Prejudice without further action from the Court as it is unconditional and self-executing.").[1]

Accordingly, this action is dismissed with prejudice, with each party to bear its own fees and costs. The clerk is directed to deny all pending motions, terminate all scheduled events, and close the case.

**ORDERED** on June 26, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1] A growing number of courts are reaching the same conclusion. *See*, *e.g.*, *Shelton v. Steam Logistics, LLC*, No. 1:24-cv-393, 2025 WL 3173664 (E.D. Tenn. Nov. 13, 2025); *Evans v. RWS Res., LLC*, No. 4:23-cv-00120-GNS-HBB, 2025 WL 354715 (W.D. Ky. Jan. 31, 2025); *Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710 (S.D. Ohio 2024); *Corbett v. Pub. Employees' Ret. Sys.*, 716 F. Supp. 3d 1006 (D. Nev. 2024); *Kennedy v. El Centro Reg'l Med. Ctr.*, No. 22-cv-1522 JLS (LR), 2024 WL 1361838 (S.D. Cal. Mar. 29, 2024); *Evans v. Centurion Managed Care of Arizona LLC*, 686 F. Supp. 3d 880 (D. Ariz. 2023); *Walker v. Marathon Petroleum Corp.*, 684 F. Supp. 3d 408 (W.D. Pa. 2023); *Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635 (W.D. Ky. 2022); *Alcantara v. Duran Landscaping, Inc.*, No. 2:21-cv-03947-JDW, 2022 WL 2703610 (E.D. Pa. July 12, 2022).